# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br><br>FRANCISCO MORA-NUNO,<br>                    Defendant. | CASE NO. 08 CR 1905 JM<br><br>**ORDER DENYING MOTION TO DISMISS COUNT 1 OF THE INDICTMENT**<br><br>Doc. No. 13 |

**I. Background**

On May 14, 2008, Defendant Mora-Nuno ("Defendant"), a Mexican citizen, allegedly attempted to enter the U.S. through the pedestrian lanes at the San Ysidro Port of Entry using a U.S. passport that did not belong to him. Defendant was subsequently indicted for violations of 8 U.S.C. § 1326(a) and (b), Attempted Entry after Deportation, and 18 U.S.C. § 1544, Misuse of Passport. Defendant entered a plea of not guilty on both counts. Pending before the court is Defendant's motion to dismiss count 1 of the indictment. (Doc. No. 13.)

Defendant collaterally attacks his prior removal (an element of the § 1326 offense) by contending his due process rights were violated during his January 18, 2006 removal hearing. In particular, Defendant alleges his waiver of right to appeal was invalid because it was not knowingly and intelligently given. In addition, Defendant contends his due process rights were violated because the immigration judge did not inform him of his eligibility for relief from deportation under INA §

1  212(c).  The government opposes the motion.  (Doc. No. 14.)

2  At the motion hearing before this court held November 14, 2008, Defendant requested one
3  week leave to file declaratory evidence of strong family ties to the United States in support of his due
4  process arguments.  No such filing has been made.

## II. Discussion

### A. Legal Standard

Under the Due Process Clause of the Fifth Amendment, "'the validity of the deportation may be collaterally attacked'" in a criminal prosecution for violation of § 1326.  United States v. Muro-Inclan, 249 F.3d 1180, 1182 (9th Cir. 2001) (quoting United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000)).  Section 1326(d) governs collateral attacks on deportations, requiring a defendant to show "(1) that he has exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair."  United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2003).  Removal orders are fundamentally unfair when "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects."  Id.  To establish prejudice, a defendant "does not have to show that he actually would have been granted relief.  Instead, he must only show that he had a 'plausible' ground for relief from deportation."  Muro-Inclan, 249 F.3d at 1184.

### B. Analysis[1]

As evidence of a due process, Defendant points to a single statement from the immigration judge: "Also by virtue of this conviction, which is an aggravated felony, Respondent is statutorily not

---

[1] The government notes Defendant has made the same collateral attack, based on the same due process arguments, in a prior § 1326 case against him.  (Case No. 06CR0347, Doc. Nos. 14-15.)  Based on the immigration judge's ruling at the January 18, 2006 hearing mentioned above, Defendant was removed from the United States to Mexico on January 24, 2006. Then, on January 29, 2006, Defendant was apprehended by border patrol agents for violating § 1326.  Defendant brought his motion to dismiss the § 1326 charge, which Judge Huff denied by minute order on August 28, 2006.  (Case No. 06CR0347, Doc. No. 19.)

eligible for cancellation of removal or for voluntary departure." (Doc. No. 13; Doc. No. 14, Exh. C at 30.) Defendant argues the immigration failed to inform him he was eligible for relief under the former § 212(c) and, thus, his subsequent waiver was invalid.

However, as the government carefully demonstrates, Defendant would not be eligible for relief under § 212(c) based on the date and nature of the conviction on which the deportation was based. (Doc. No. 14 at 7-12.) The confusion lies in the passage of two laws that changed the scope of § 212(c) relief: the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"). Section 440(d) of AEDPA, which became effective on April 24, 1996, rendered aliens convicted of aggravated felonies, regardless of the length of their sentences, ineligible for § 212(c) relief. Section 321 of IIRIRA, effective April 1, 1997, reduced the required prison sentence for aggravated felon status from five years to one year. The Ninth Circuit has upheld IIRIRA's retroactive application of this expanded definition. See Aragon-Ayon v. INS, 206 F.3d 847 (9th Cir, 2000); Alvarez-Barajas v. Gonzalas, 418 F.3d 1050, 1054 (9th Cir. 2005); Cordes v. Gonzales, 421 F.3d 889, 895-96 (9th Cir. 2005).

Defendant pled guilty on June 25, 1996 to two counts of Sexual Battery by Restraint and two counts of Attempted Sexual Battery by Restraint and was sentenced to four years in prison. At the time of his conviction, AEDPA had already eliminated § 212(c) relief for aggravated felonies. Since Defendant's crime was not an "aggravated felony" at the time of his conviction, he argues he was entitled to § 212(c) relief at his 2006 removal hearing. However, the crime *became* an "aggravated felony" in 1997 by virtue of IIRIRA's retroactivity. Thus, by the time of the challenged deportation proceeding in 2006, Defendant was ineligible for INA relief.[2] Defendant relies chiefly on INS v. St. Cyr, 533 U.S. 289 (2001), which is distinguishable from the present case. St. Cyr dealt with the repercussions of a separate IIRIRA mandate which repealed § 212(c) relief entirely. The St. Cyr court determined, in contrast to the definitional amendment discussed above, the repeal provision was not

---

[2]If Defendant's earlier conviction had come *before* AEDPA's effective date, the outcome might be different. See United States v. Velasco-Medina, 305 F.3d 839 (2002), cert. denied, 540 U.S. 1210 (2004); United States v. Ubaldo-Figueroa, 364 F.3d 1042 (9th Cir. 2004) (plea before AEDPA still entitled to § 212(c) protection despite subsequent reclassification as aggravated felony); United States v. Leon-Paz, 340 F.3d 1003 (9th Cir. 2003) (same).

retroactive because defendants may have relied on the possibility of § 212(c) relief in deciding to forego trial. Id. at 325. The immigration judge advice to Defendant was therefore accurate, and Defendant had no "plausible" ground for relief.

If Defendant's waiver was voluntary, not only does his due process argument fail, but he "cannot collaterally attack an underlying deportation order if he validly waived his right to appeal that order." Arrieta, 224 F.3d at 1079. The facts show Defendant did voluntarily waive his right to appeal his deportation. As discussed above, Defendant's waiver was not based on erroneous advice from the immigration judge. In addition, Defendant received a written notice of his appellate rights. (Doc. No. 14, Exh. C at 12-13.) The immigration judge twice explained the right to appeal, first in a group setting and then individually with Defendant. (Doc. No. 14, Exh. C at 12 and 31.) At the end of Defendant's hearing, the immigration judge specifically asked Defendant if he wished to appeal, to which Defendant responded, without any questions, "I want to waive." (Doc. No. 14, Exh. C at 31.)

In sum, Defendant's waiver was voluntary, and he was not denied due process during his removal proceedings.

## III. Conclusion

Defendant has failed to meet the three requirements under § 1326(d) to mount a successful collateral attack of his deportation. For these reasons, Defendant's motion to dismiss count 1 of the indictment is **DENIED** without prejudice (Doc. No. 13).

**IT IS SO ORDERED.**

DATED: November 20, 2008

Hon. Jeffrey T. Miller
United States District Judge